259 So.2d 89 (1972)
ASSOCIATED INDEMNITY CORPORATION
v.
LOUISIANA INDUSTRIES PRESTRESSED CORPORATION.
No. 4886.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1972.
*90 Dillon & Williams (Gerard M. Dillon), New Orleans, for plaintiff-appellee.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine (Cicero C. Sessions), New Orleans, for defendants-appellants.
Before REGAN, SAMUEL and LEMMON, JJ.
LEMMON, Judge.
Associated Indemnity Corporation filed a petition for declaratory judgment, naming its insured, Louisiana Industries Prestressed Corporation (LIPCO) as defendant. The suit sought a declaration of its obligation to defend LIPCO on a reconventional demand in another proceeding and to indemnify LIPCO in respect to that demand.
Associated eventually filed a motion for judgment on the pleadings, which was granted and which decreed that Associated is not obligated under the policy to defend or to indemnify LIPCO in the other proceedings. LIPCO has appealed.
Jack Sanders, d/b/a Laguna Construction Company, had undertaken construction of an overpass in the City of New Orleans pursuant to a Public Works Contract. LIPCO contracted to supply prestressed beams, but a controversy developed as to whether or not the beams met the contract specifications.
When delays occurred, LIPCO filed a lien and eventually filed a suit based on the lien. Sanders answered and filed a reconventional demand for damages. Article 39 of the answer and reconventional demand reads as follows:
"That as a direct and proximate result of the breaches of contract hereinabove *91 set forth, and in addition to the damages, hereinabove set forth, "Sanders" suffered further damages by having his ability to earn his living as a general construction contractor and/or as a bridge contractor in the foreseeable future seriously impaired due to the magnitude of the financial loss he has sustained; the loss of his bonding capacity; the loss of his ability to borrow or secure money for working capital; the loss of his reputation and earning capacity, all in the sum and amount of $500,000.00." (Emphasis supplied)
When LIPCO was served with this demand, it immediately notified Associated that the demand included damages for a species of libel and slander, for which the insurance policy provides coverage. Associated denied coverage, and LIPCO requested a reexamination of this position. Associated again denied coverage and then instituted the present suit for a declaratory judgment. The suit was transferred to the judge of the district court in whose division the lien action was pending.
LIPCO excepted, alleging that the suit was premature since no formal demand had been made on Associated. LIPCO further contended that the original suit must be tried and decided on its merits before it could be determined that the pertinent averments of the reconventional demand were within the policy coverage. The exception of prematurity was overruled.
LIPCO then filed a third party demand against Associated in the lien suit, which then put coverage under the insurance policy squarely at issue in that suit. LIPCO also filed an answer in the declaratory judgment action, which among other things alleged that the issue of coverage was now before the court in the lien suit, and Associated therefore had no cause of action or right of action for declaratory judgment.
Associated then moved for a judgment on the pleadings. LIPCO again asserted exceptions of no cause of action and no right of action and alternatively moved to stay the declaratory judgment action until the lien suit was finally determined, or to consolidate the cases for trial. The judgment on the pleadings was rendered in favor of Associated.
On appeal, LIPCO first contends that Associated is not entitled to employ a declaratory judgment action for the purpose of determining its obligation under the policy. On the other hand, Associated urges that unless this determination is made in some manner prior to the trial of the lien suit, it must either participate in a lengthy and expensive trial or expose itself to a penalty for failing to do so.
It is not necessary that the reconventional demand be tried and decided on its merits before a determination can be made of Associated's obligation to defend against the demand. That determination can be made solely from the pertinent allegations of the demand. In American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969) the Supreme Court stated:
"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." (Emphasis supplied)
However, LIPCO contends that Sanders is not a party to the declaratory judgment action and that a determination in this action will not necessarily terminate the dispute over coverage. LIPCO points out that a motion for summary judgment on the third party demand in the lien suit could also be used to determine Associated's obligation under the policy.
C.C.P. art. 1871 provides that the existence of another adequate remedy does not *92 preclude a judgment for declaratory relief in cases where it is appropriate. We believe that a declaratory judgment action is appropriate in this particular case to determine the rights and obligations of the parties to the contract of insurance.[1]
As to the termination of the controversy, C.C.P. art. 1876 provides:
"The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding." (Emphasis supplied)
Since the article is permissive, the scope of our appellate review is a determination of whether or not the trial judge abused his discretion by not refusing to render a declaratory judgment.
We believe that there was no abuse of discretion in the present case. The lien suit is pending before the same judge who rendered the declaratory judgment. When the same issue of coverage raised by the third party demand in the lien suit is presented for adjudication, it is highly unlikely that this same judge will rule differently than he ruled in the present case. For all practical purposes, the determination of coverage already made by the trial judge in the present case has terminated the controversy in both cases.
While it may be argued in retrospect that a better procedure would have been to have the rights and obligations under the policy adjudicated in the lien suit once the third party demand was filed, this would not have prevented the multiplicity of suits. That third party demand was not made until after the present suit was underway. We believe that this declaratory judgment action was appropriate when filed and remained appropriate when the trial court rendered judgment. Certainly it would not now serve any useful purpose for us to reverse a correct determination made by the trial court in this action and force the parties to have the same determination made of the same issue by the same trial judge in the other proceeding.
We now proceed to review the correctness of the judgment itself.
The pertinent provisions of the policy of liability insurance reads as follows:
"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:
* * * * * *
"Group Bthe publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy;. . ."
The parties concede that the policy provides coverage only for damages resulting from libel and slander and that all of the other articles of the reconventional demand allege damages caused by breach of contract, for which no coverage is afforded.
We believe that while Article 39 seeks recovery for damage to Sanders' reputation, the article clearly states that the damages (including damage to reputation) were suffered "as a direct and proximate result of the breaches of contract hereinabove set forth." (Emphasis supplied)
Libel is a publication injurious to the reputation of another. But a person's reputation can be damaged in many ways, only one of which is by libel or slander. *93 The policy clearly provides coverage for damages resulting from "the publication or utterance of a libel or slander or of other defamatory or disparaging material." The policy clearly does not provide coverage for damages (to reputation or otherwise) resulting from breach of contract. Sanders does not allege in the reconventional demand any publication or utterance by LIPCO which has caused damage to his reputation.
We conclude that Associated is not obligated under its policy to defend or to indemnify LIPCO for the damages alleged by the reconventional demand.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.
NOTES
[1] For a discussion of the use of a declaratory judgment action to determine disputed coverage under an insurance policy, see Borchard, Declaratory Judgments 645 (2nd ed. 1941); 1 Anderson, Actions for Declaratory Judgments, § 241 (2nd ed. 1951).