702 So.2d 985 (1997)
Joseph J. CREDEUR, et al., Plaintiffs-Appellees,
v.
Robert M. McCULLOUGH, et al., Defendants-Appellees/Appellants.
No. 95-1415.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*986 Jack Patrick Harris, and Steven Bernard Rabalais, Lafayette, for Joseph J. Credeur, et al.
M. Candice Hattan, Lafayette, for Canal Insurance Company.
Thomas Richard Edwards, Lafayette, for Antoine J.N. Credeur, Sr., et al.
James L. Pate, Lafayette, for Emery Anderson d/b/a Emery Anderson Ins. Agency.
Jennifer M. Kleinpeter, Lafayette, for Empire Fire & Marine Insurance.
Patrick J. Briney, Lafayette, for Grayson Mobile Home Transporters, Inc.
Susan A. Daigle, Lafayette, Lewis O. Lauve, Jr., Alexandria, for West American Insurance Company.
Karen L. Godwin, Baton Rouge, for State of Louisiana DOTD.
Before PICKETT, WOODARD and PETERS, JJ.
PICKETT, Judge.
This matter comes before us on remand from the supreme court wherein our original opinion was vacated and set aside. This matter has been remand for our reconsideration, particularly in light of the supreme court's recent decision in Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, and its effect regarding the application of La.R.S. 22:1220(B)(3) to the facts of this case.
The facts are set forth in our previous decision in this case, Credeur v. McCullough, 95-1415 (La.App. 3 Cir. 11/20/96), 685 So.2d 300. In that case, we found, based upon Canal Insurance Company's (Canal) arbitrary and capricious behavior in its failure to defend Grayson Mobile Home Transporters, Inc. (Grayson), Empire Fire and Marine Insurance Company (Empire) was entitled to an award of penalties and attorney fees as a third-party claimant pursuant to La.R.S. 22:1220.
In Theriot v. Midland Risk, the supreme court addressed the issue of legislative intent behind the enactment of La.R.S. 22:1220. This statute provides in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or *987 prospective loss experience for the purpose of setting rates or making rate filings.
In Theriot, the supreme court had "no trouble concluding that the legislature intended to provide a right of action directly in favor of third-party claimants in certain situations when it enacted La.R.S. 22:1220." Theriot, 694 So.2d at 188. However, in addressing the issue of the scope of the cause of action created under the statute, the supreme court stated:
Plaintiff argues that Subsection A creates a broad duty to third-party claimants to make a reasonable effort to settle all claims and that the enumerated acts in Subsection B are merely illustrative. We do not agree. If Subsection A were intended to create a cause of action for all manner of breaches of a broad duty, there would have been no need for illustrations. Plaintiff's interpretation of Subsection B renders it mere surplusage. Thus, the wording and structure of the act strongly suggest that the legislature intended Subsection B to constitute an exclusive list of the types of conduct for which damages and penalties can be sought by insureds and third-party claimants pursuant to the statute.
....
... All of these avenues of review reinforce our conclusion that the only acts which give rise to a cause of action for violation of La.R.S. 22:1220 are the specific acts enumerated in Subsection B(1)-(5).
Id.
After reviewing this matter in light of the Theriot decision, we reach the same conclusion. While we find Subsection B(3) is not applicable to the case, we do believe Subsection B(1) is appropriate.
The accident that was the basis for this case occurred on April 15, 1991. The Credeurs filed suit against Robert McCullough, Grayson and Empire on April 14, 1992. The Credeurs amended their petition to add Canal as Grayson's insurer on June 12, 1992. Canal denied coverage and refused to defend Grayson in the lawsuit. Empire eventually assigned defense counsel to Grayson on January 29, 1993. Thereafter, as stated in our previous opinion:
Grayson independently pursued the coverage issue with Canal, by having its corporate counsel file suit against Canal in Mississippi, where the policy had been purchased. On July 16, 1993, Canal settled the Mississippi lawsuit and agreed to defend Grayson in the Louisiana litigation... Nevertheless, Canal did not provide defense counsel for Grayson in the Louisiana litigation until September 27, 1993, and only then after several requests to do so.
Credeur, 685 So.2d at 302.
The settlement effectuated a binding agreement between the parties in regards to the defense of Grayson in the Louisiana litigation. Grayson relied on Canal's agreement to provide defense counsel. However, Canal continuously failed to honor the settlement agreement by not providing defense counsel for Grayson until September 27, 1993. In our opinion, Canal, from the time of their earliest notice of suit in June of 1992, misrepresented pertinent facts relating to the coverage issue. Grayson was required to file suit against Canal, who finally agreed to provide defense counsel for Grayson more than one year later. Even after having judgment rendered against them, Canal delayed more than two months before providing counsel.
We believe this type of behavior is exactly the type of behavior the legislature meant to dissuade when they enacted La.R.S. 22:1220. Accordingly, the judgment of the trial court is affirmed. Furthermore, Canal Insurance Company is assessed with all costs.
AFFIRMED.