**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-30999

ASHTON RICHARD HARDY,

Plaintiff-Appellee-Cross-Appellant,

VERSUS

HARTFORD INSURANCE COMPANY, ET AL.,

Defendants,

THE HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, erroneously sued as Hartford Insurance Company,

Defendant-Appellant-Cross-Appellee.

Appeals from the United States District Court
For the Eastern District of Louisiana

January 5, 2001

Before DUHÉ, EMILIO M. GARZA and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:

Hartford Insurance Company of the Southeast ("Hartford") appeals the district court's grant of summary judgment for Ashton Richard Hardy ("Hardy") and the court's denial of Hartford's cross motion for summary judgment. The district court concluded that Hartford was obligated to provide a defense and coverage to Hardy under its commercial general liability ("CGL") policy for certain causes of action filed against Hardy by Kenneth Dowe ("Dowe"). We conclude that Hartford had no duty to defend or provide coverage to

Hardy for Dowe's claims. We therefore REVERSE the district court as to the issues of defense and coverage and RENDER summary judgment for Hartford, and AFFIRM the district court's denial of statutory penalties and fees against Hartford because its refusal to provide coverage was not arbitrary and capricious.

## BACKGROUND

We summarize only the facts relevant to the issues in dispute in this appeal. Hardy is a former partner in the law firm of Walker, Bordelon, Hamlin, Theriot & Hardy ("WBHTH"). Before Hardy left the firm, WBHTH filed suit, through outside counsel, against Dowe and the Dowe Company, Inc. ("Dowe Company") to recover unpaid legal fees. WBHTH later assigned its interest in the suit to Hardy when he left the firm.

Dowe answered the suit and filed a reconventional demand against Hardy, alleging causes of action for breach of contract, breach of fiduciary duty, fraud, and negligent misrepresentation. Dowe asserted that Hardy billed the Dowe Company for unauthorized work, and for duplicative and excessive fees. Dowe also claimed that he signed an attorney-client agreement with WBHTH only in his capacity as President of the Dowe Company, which Hardy knew was defunct and had no assets at the time of the suit on open account. According to Dowe, Hardy also knew that Dowe was not personally liable for the debts of the Dowe Company. Therefore, Dowe alleged he suffered damages for breach of contract, damage to his reputation, and damages caused by Hardy's alleged

2

misrepresentations, including attorney's fees incurred in defending the suit on open account.

Hartford insured WBHTH and its partners under the CGL policy during the years that WBHTH provided legal services to Dowe, and when the firm sued Dowe for unpaid fees. Hartford denied Hardy's claim for a defense and coverage to Dowe's reconventional demand, citing the CGL policy's Endorsement SP-207, which excludes claims related to lawyers' professional liability. Hardy's malpractice insurer provided a defense, reserving its right to deny coverage on the ground that Dowe's claims were not based on malpractice.

Hardy filed suit in state court against Hartford seeking a declaration of coverage and a defense to the reconventional demand. He also sought damages and penalties under La. R.S. 22:658 and 22:1220 for Hartford's alleged arbitrary and capricious denial of coverage and breach of its duty of good faith and fair dealing. Hartford removed the case to federal court.

Hardy and Hartford both moved for summary judgment in the district court. The court denied Hartford's motion but granted partial summary judgment for Hardy, finding that Hartford owed both a defense and coverage under the CGL policy, and awarding Hardy reimbursement of past costs and expenses incurred in defending Dowe's reconventional demand. The district judge concluded that Endorsement SP-207 was not applicable because "a close reading of Dowe's answer and reconventional demand do [sic] not reveal a claim

for malpractice."[1] <u>Hardy v. Hartford</u>, No. 98-2994 (E.D. La. June 28, 1999) (order and reasons granting and denying cross motions for summary judgment). The court appeared to adopt Hardy's argument that Dowe's claims sounded in tort, rather than malpractice, because they were based on injuries suffered by the filing of the suit on open account, rather than on past legal services. In her order denying both parties' motions to amend the judgment, the district judge found that "the gravamen of Dowe's claim is that he has a defense to the suit on account because of Hardy's conduct and that he has been personally injured by the conduct of the law firm in filing the suit on account." <u>Hardy v. Hartford</u>, No. 98-2994 (E.D. La. Aug. 20, 1999) (order and reasons denying amended judgment). Therefore, there was no genuine issue of material fact that Dowe's claims were covered under the policy and that Hartford owed Hardy a defense. The district court refused, however, to award Hardy statutory damages and penalties because it found Hartford's denial of coverage did not meet the "arbitrary and capricious" prerequisite under La. R.S. 22:658 and 22:1220.

DISCUSSION

We review summary judgment rulings de novo. <u>Prytania Park Hotel, Ltd. v. General Star Indem. Co.</u>, 179 F.3d 169, 173 (5th Cir.

---

[1]The court also found inapplicable Exclusion No. 16, which excludes coverage for "personal injury arising out of any publication or utterance . . . if the publication or utterance by or on behalf of any insured was made in the course of or pursuant to the conduct of the practice of law."

4

1999).  Summary judgment is proper when, taking the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986).

The insurer's duty to defend the insured is generally broader than the duty to indemnify.  Yount v. Maisano, 627 So. 2d 148, 153 (La. 1993).[2]  The duty to defend is determined by examining the allegations of the injured plaintiff's petition (in this case, the plaintiff-in-reconvention's reconventional demand), and the insurer is obligated to tender a defense unless the petition unambiguously excludes coverage.  Id.  Assuming all the allegations of the petition are true, the insurer must defend, regardless of the outcome of the suit, if there would be both (1) coverage under the policy and (2) liability to the plaintiff.  Id.  The allegations of the petition must be liberally interpreted in determining whether the claim falls within the scope of the insurer's duty to defend. Id.  Likewise, ambiguous provisions in insurance policies are strictly construed against the insurer in favor of coverage to the insured.  Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 630 So. 2d 759, 764 (La. 1994).

We must determine whether the district court erred in

---

[2]See also American Home Assurance Co. v. Czarniecki, 230 So. 2d 253, 259 (La. 1969)and Benoit v. Fuselier, 195 So. 2d 679, 682 (La. App. 3 Cir. 1967).

concluding that Dowe's reconventional demand stated a cause of action that fell within the coverage of the CGL policy. We conclude that in evaluating all of Dowe's allegations, we need only look to the insuring provisions of the policy. Although the district court determined that Dowe's claims did not fit under various exclusionary provisions of the policy, it did not specifically determine which insuring provisions of the policy provided coverage.

For ease of analysis, we will begin by evaluating coverage for Dowe's claims for breach of contract, breach of fiduciary duty, and fraud. The policy covers "all sums which the insured shall become legally obligated to pay as damages because of . . . personal injury . . . caused by an occurrence to which this insurance applies."[3] "Occurrence" means, with respect to "personal injury," any offense described in the policy's definition of "personal injury." On a plain reading of the policy's terms, we find no definition of "personal injury" (or any other type of injury, for that matter) that encompasses breach of contract, breach of fiduciary duty, or fraud. Although ambiguous provisions in insurance policies must be strictly construed in favor of finding coverage, this rule of strict construction "does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists." Ledbetter v.

---

[3]The policy also covers "bodily injury," "property damage," and "advertising injury" as those terms are defined in the policy.

<u>Concord Gen. Corp.</u>, 665 So. 2d 1166, 1169 (La. 1996) (quoting <u>Muse v. Metropolitan Life Ins. Co.</u>, 193 La. 605, 192 So. 72, 75 (1939)).

Hardy, however, argues that the true nature of Dowe's claim is that he was defamed by the filing of the suit on open account, which was the covered "occurrence" under the policy. He arrives at this conclusion because Dowe's recitation of damages in the reconventional demand includes an allegation of injury to his reputation.[4] Therefore, Hardy argues he is entitled to coverage under the policy's definition of "personal injury" as "the publication or utterance of a libel or slander or of other defamatory or disparaging material." Indeed, in refusing to amend its judgment, the district court concluded it was not bound by Dowe's own characterization of his causes of action. Hence the court thought it was free, under the rule requiring a liberal interpretation of Dowe's claims, to recast the reconventional demand as a defense to the suit on open account and a claim for "personal injuries" caused by WBHTH's conduct in filing suit.

We recognize that the Louisiana case law requires a liberal interpretation of Dowe's claims. However, we do not think that even the most liberal reading of Dowe's reconventional demand

---

[4]Hardy also urges us to consider that Dowe could not logically make a claim for malpractice while at the same time asserting that his <u>company</u> was WBHTH's real client, not Dowe himself. While this argument may afford Hardy a valid defense to Dowe's claims, Hartford's duty to defend must be determined by assuming that all Dowe's allegations concerning Hardy's malpractice against him are true. <u>See</u> <u>Yount v. Maisano</u>, 627 So. 2d 148, 153 (La. 1993).

7

permits us to disregard his clear and distinct statement of causes of action for "breach of contract," "breach of fiduciary duty," and "fraud," arising from the factual allegations of over-billing and unauthorized work.  It is true that part of the remedy Dowe seeks is damages for injury to his reputation.  A recitation of damages, however, is not a factual allegation, and in determining Hartford's duty to defend, we must be guided only by the facts and resulting causes of action that Dowe alleges.  Even the district court noted in its order that Dowe's only reference to reputation damages was contained in the recitation of damages he suffered. In Associated Indemnity Corp. v. Louisiana Industries Prestressed Corp., 259 So. 2d 89, 92-93 (La. App. 4 Cir. 1972), a Louisiana court interpreted an insuring provision similar to the one at issue in this case. Noting that "a person's reputation can be damaged in many ways, only one of which is by libel or slander," the court held that the policy only covered reputation damages resulting from defamation, libel or slander, not reputation damages arising from other causes of action such as breach of contract.  Id. at 92.

Moreover, although some of Dowe's claims could have been stated as affirmative defenses to the suit on open account, he clearly chose to make his allegations in an independent action for damages.  We therefore hold that the district court erred as a matter of law in concluding that the CGL policy provided coverage for these three causes of action.

Our evaluation of Dowe's cause of action for negligent

8

misrepresentation, however, requires a more searching analysis. Both parties believe that this claim was based on the act of filing suit on the open account against Dowe personally, after the attorney-client relationship with Dowe and/or the Dowe Company had ceased. The filing of the suit, therefore, amounted to a "negligent misrepresentation" that Dowe was personally liable for the unpaid fees.

First, we note that under Louisiana law, an action for negligent misrepresentation is not one similar to defamation, libel, or slander. Rather, a negligent misrepresentation claim is made out when a person, in the course of his business or other matters in which he has a pecuniary interest, supplies false information without exercising reasonable care, for the guidance of others, who justifiably and detrimentally rely on such information and thereby suffer a pecuniary loss. Dousson v. South Central Bell, 429 So. 2d 466, 468 (La. App. 4 Cir.), writ not considered, 437 So. 2d 1135 (La. 1983) (noting that Louisiana courts have adopted the definition of negligent misrepresentation set forth in the Restatement (2d) of Torts). Whether or not Dowe had a basis for such a cause of action, it clearly is not a claim for a "personal injury" in the form of "the publication or utterance of a libel or slander or of other defamatory or disparaging material," nor would it be covered under any other insuring provision of the policy.

Second, we do not read any of the factual allegations in

9

Dowe's claim as stating a cause of action for defamation, libel, slander or similar theories. Hardy, however, would have us glean an allegation of defamation from Dowe's statement in his reconventional demand that Hardy knew or should have known that Dowe was not personally liable for the debt and that Hardy knew or should have known that the Dowe Company was defunct and had no assets. An action for defamation in Louisiana requires the plaintiff to plead and prove: (1) defamatory words, (2) publication, (3) falsity, (4) malice (actual or implied), and (5) resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So. 2d 196, 198 (La. 1980). Louisiana is a fact pleading jurisdiction. Fitzgerald v. Tucker, 737 So. 2d 706, 713 (La. 1999). Thus, a plaintiff pleading defamation must specifically allege that the defendant made defamatory statements, with malice. We fail to see, under the most liberal reading of Dowe's reconventional demand, any allegation of defamation. Nowhere in the pleading does Dowe state that Hardy or WBHTH "defamed" him or even that the suit on open account constituted "disparaging material." Moreover, there is clearly no allegation of malice. Accordingly, even under the rule of liberal construction and looking at the pleading as a whole, we do not think that Dowe has made even a rudimentary claim for defamation and we decline to read one into his reconventional demand.[5]

---

[5]But see Federal Ins. Co. v. St. Paul Fire and Marine Ins. Co., 638 So. 2d 1132 (La. App. 1 Cir. 1994), and Rio Rouge Dev.

Finally, as we have already stated, we do not think an allegation of reputation damages should guide us in determining the duty to defend. The recitation of reputation damages does not convert Dowe's action into one for defamation. Regardless of whatever Dowe may have _intended_ to sue for, we think the allegations which he actually stated in the reconventional demand, liberally interpreted, unambiguously exclude coverage.

Because we have disposed of Hardy's claim on the basis of the insuring provisions of the CGL policy alone, we find it unnecessary to examine any of the policy's exclusionary provisions.

The district court refused to assess statutory penalties against Hartford because it found that the denial of coverage was not an arbitrary and capricious act under La. R.S. 22:658 and 22:1220. This finding was a finding of fact and is thus reviewable only for clear error. <u>Riley Stoker Corp. v. Fidelity and Guar. Ins. Underwriters, Inc.</u>, 26 F.3d 581, 590 (5th Cir. 1994). We find no such error. Hardy contends, citing <u>Credeur v. McCullough</u>, 702

---

<u>Corp. v. Security First Nat'l Bank</u>, 610 So. 2d 172 (La. App. 3 Cir. 1992). In both of these cases, the plaintiff's allegations were deemed sufficient to trigger the insurer's duty to defend a claim of defamation. However, in those cases, the plaintiff's petition contained specific allegations of "false statements and innuendos [made] maliciously and with total disregard for the truth or falsity of said statements." (<u>Federal</u>, 638 So. 2d at 1134) or "derogatory remarks" (<u>Rio Rouge</u>, 610 So. 2d at 175).

We note that in its briefs, Hartford has referred to Dowe's negligent misrepresentation claim as one of "defamation." Despite this characterization of the claim, our own review of the reconventional demand leads us to the inescapable conclusion that Dowe has not made any allegation of defamation.

So. 2d 985 (La. App. 3 Cir. 1997), that La. R.S. 22:1220 does not contain the "arbitrary and capricious" factual prerequisite to a finding of bad faith from denying coverage. Assuming without deciding that Hardy is correct, we find the district court did not err in failing to conclude that Hartford lacked good faith even as a matter of law, because Hartford had no duty to provide a defense or coverage to Hardy.

CONCLUSION

Because we have found that Hartford had no duty to provide a defense or coverage to Hardy, there is no genuine issue of material fact and Hartford is entitled to a judgment as a matter of law. The district court's grant of summary judgment for Hardy was in error. We REVERSE and RENDER in part, and AFFIRM in part.

12