United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30404

_____

CONTINENTAL CASUALTY CO

                    Plaintiff - Appellant

v.

FEINGERTS & KELLY, APLC; BRUCE L FEINGERTS

                    Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
03-CV-2683-C
--------------------

Before HIGGINBOTHAM, SMITH, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

In this case, we are presented with an insurance coverage dispute between a law firm and its legal liability insurer. Plaintiff-Appellant Continental Casualty Co. ("Continental") appeals the district court's grant of summary judgment in favor of Defendants-Appellees Feingerts & Kelly, A.P.L.C. (the "Firm") and Bruce Feingerts ("Feingerts"), and the district court's

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

denial of its motion for summary judgment. In so ruling, the district court determined as a matter of Louisiana state law that Continental was obligated to tender a defense to the Firm and Feingerts individually for claims filed against the Firm and Feingerts by a former client. On appeal, Continental challenges the district court's coverage determination, contending that the damage claims asserted against the Firm and Feingerts by their former client are excluded from the scope of Continental's coverage obligation. Having reviewed the record and considered the briefs and arguments on appeal, we affirm.

## I. BACKGROUND

In September 1998, Feingerts, a partner in the law firm of Feingerts & Kelly, A.P.L.C. agreed to represent Jonette Franks ("Franks") in connection with certain trust litigation then pending in Louisiana state court, and in subsequent related litigation. After several years, the lawyer-client relationship between Feingerts and Franks disintegrated. In April 2002, Franks terminated Feingerts's employment and refused to pay any of the legal fees the Firm claims she owes. In response to Franks's failure to pay the legal fees claimed by the Firm, the Firm intervened in the two underlying trust actions in which Franks was involved.

Subsequently, Franks submitted a complaint to the Louisiana Attorney Disciplinary Board Office of Disciplinary Counsel

2

alleging professional misconduct on the part of Feingerts.  After conducting a brief investigation, the Disciplinary Board closed its file in October 2002, withholding a decision on the merits of the complaint pending resolution of the Firm's intervention claims in state court.

In August 2003, Franks filed a reconventional demand against the Firm in the state trust litigation and joined Feingerts as a defendant in reconvention.  In her petition, Franks alleged that Feingerts and the Firm owed her damages for breach of contract, breach of legal duties and obligations, bad faith contractual dealings, and unjust enrichment.

After being served with the petition, Feingerts timely forwarded the petition to Continental and requested that Continental tender a defense in accordance with the terms of the Lawyers Professional Liability Policy (the "Policy") issued by Continental to the Firm.  Initially, Continental denied coverage to both the Firm and Feingerts on the ground that the damage claims asserted by Franks are excluded from the scope of Continental's coverage obligation; ultimately, however, Continental decided to defend both the Firm and Feingerts subject to a full and complete reservation of rights to continue to contest coverage.

In September 2003, Continental filed this declaratory judgment action against the Firm and Feingerts individually.

3

Continental seeks a declaration that it had no duty to defend or indemnify the Firm or Feingerts from the claims asserted by Franks on the ground that the claims contained in Franks's petition sought damages expressly excluded from its coverage obligation under the Policy. The Firm and Feingerts filed a cross-motion for summary judgment, contending that the damage claims asserted in Franks's petition triggered Continental's duty to defend. The district court denied Continental's motion and granted summary judgment in favor of the Firm and Feingerts. In so ruling, the district court held that Continental was obligated under the Policy to tender a defense to the Firm and Feingerts against the claims asserted in Franks's petition.[1] This appeal by Continental followed.

## II. STANDARD OF REVIEW

We review the district court's grant of a motion for summary judgment *de novo*. *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001). Summary judgment is proper when, taking the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] The district court abstained from reaching Continental's claim regarding indemnity; the court concluded that the indemnity claim was not ripe since the Firm and Feingerts had not yet been found liable for any of Franks's claims.

## III. DISCUSSION

The only dispute in this case is whether the Policy issued by Continental to the Firm provides coverage to the Firm and Feingerts for the claims alleged by Franks. Under the terms of the Policy, the Firm and Feingerts are insureds. The Policy further states that Continental has a "duty to defend in the Insured's name and on the Insured's behalf a claim covered by this Policy even if any of the allegations of the claim are groundless, false or fraudulent." The Policy defines "claim" as "a demand received by the Insured for money or services arising out of an act or omission . . . in the rendering of or failure to render legal services."

The Policy further provides that

> [Continental] agrees to pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses because of a claim that is both first made against the Insured and reported in writing to [Continental] during the policy period by reason of an act or omission in the performance of legal service by the Insured or by any person for whom the Insured is legally liable.

The Policy defines "damages" as "judgments, awards and settlements, provided any settlement is negotiated with the assistance and approval of [Continental]." However, "[d]amages do not include . . . legal fees, costs and expenses paid or incurred or charged by the Insured, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-

5

off or otherwise, and injuries that are a consequence of any of the foregoing."

On appeal, Continental contends that Franks's petition does not state a claim within the scope of Continental's coverage obligation, and that therefore it has no duty to defend either Feingerts or the Firm. Specifically, Continental maintains that Franks's petition does not state a claim for covered damages because it alleges only "a fee dispute" and seeks relief for injuries sustained as a result of that legal fee dispute.

In determining whether Continental has a duty to defend, we must examine the allegations in Franks's petition. As we have stated, "[t]he duty to defend is determined by examining the allegations of the injured plaintiff's petition . . . and the insurer is obligated to tender a defense unless the petition unambiguously excludes coverage." *Hardy*, 236 F.3d at 290.

In her petition, Franks alleged that Feingerts and the Firm caused her injury by: (1) misleading her in connection with the original retainer and fee agreement; (2) failing to keep her appraised of the status of the proceedings and failing to provide her with sufficient information for her to participate intelligently in decisions to continue the trust litigation; (3) failing to timely and properly account for fees and costs; (4) misrepresenting the true status of the litigation, including opportunities for settlement, settlement negotiations, and the

6

potential award expected from settlement, in an effort to continue to collect fees; (5) engaging in unnecessary activities to prolong the litigation in an effort to increase fees and costs; (6) exploiting knowledge of Franks's personal finances; (7) charging excessive, unreasonable, and unearned fees; and (8) failing to disclose the conflict of interest that arose when the Firm's pecuniary interest became contrary to Franks's interest in continuing to proceed with litigation. Based on these allegations, Franks contended that Feingerts and the Firm owed her "damages for breach of contract, legal duties and obligations, bad faith contractual dealings, and return of excessive fees previously paid."

While the majority of Franks's claims against the Firm and Feingerts are excluded from coverage under the Policy because those claims seek damages for legal fees, we agree with the district court that at least one claim is not unambiguously excluded under the terms of the Policy. Franks's allegation that Feingerts did not keep her apprised of the progress of the proceedings, the true status of the case, and the potential for settlement is not a claim seeking damages for "legal fees, costs [or] expenses paid or incurred or charged by the Insured . . . [or] injuries that are a consequence of any of the foregoing." Rather, this claim is by its own terms a claim seeking damages for Feingerts's failure to appraise Franks of the settlement

7

proceedings. Accordingly, these damages would include expenses incurred by Franks as a result of Feingerts's failure to appraise her of the status of her case, as well as the loss occasioned to Franks by the loss of the settlement opportunity, if she can prove that had she known about the opportunity she would have taken it. These damages are not a consequence of legal fees charged by the Firm; rather, these damages are a consequence of alleged acts and omissions by Feingerts in the rendering of legal services, for which the Policy explicitly provides coverage. The mere fact that Feingerts's actions were allegedly motivated by a desire for additional fees does not mean that Franks's injury is a consequence of legal fees; to the contrary, the injury to Franks is the loss occasioned by the missed settlement opportunity. Therefore, this claim cannot be construed as a legal fee dispute or a claim for damages as a result of injuries incurred as a consequence of a legal fee dispute. Because an insurer's duty to defend is triggered under Louisiana law unless the petition unambiguously excludes *all* coverage, *see Hardy*, 236 F.3d at 290, this solitary claim is sufficient by itself to trigger Continental's defense obligations under the Policy.

## IV. CONCLUSION

Because at least one of Franks's claims is not unambiguously excluded from coverage under the Policy, Continental is obligated pursuant to the terms of the Policy to tender a defense to the

8

Firm and Feingerts against the claims asserted by Franks in her petition.  Accordingly, the district court's grant of summary judgment in favor of the Firm and Feingerts is AFFIRMED.