# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50657

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2014

Lyle W. Cayce
Clerk

FIRST COMMUNITY BANCSHARES,

Plaintiff-Appellee Cross-Appellant

v.

ST. PAUL MERCURY INSURANCE COMPANY,

Defendant-Appellant Cross-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:12-CV-193

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

First Community Bancshares ("First Community") sued St. Paul Mercury Insurance Company ("St. Paul"), seeking a declaratory judgment that St. Paul owed First Community a duty to defend two class-action lawsuits, and alleging violation of the duty of good faith and fair dealing. The district court resolved cross–motions for summary judgment, (1) finding that St. Paul owed First Community a duty to defend, but (2) denying First Community's claim

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50657

alleging violation of the duty of good faith and fair dealing. Each party appealed the portion of the judgment adverse to it. For the reasons that follow, we AFFIRM the judgment of the district court.

## I. Background

First Community is a banking institution that operates branches across the state of Texas. Prior to the events giving rise to this action, St. Paul issued First Community an insurance policy ("the Policy") that includes a Bankers Professional Liability Insuring Agreement. The agreement covers "Loss for which the Insureds become legally obligated to pay on account of any Claim . . . for a Professional Services Act" and imposes a duty to defend on St. Paul as to any covered claim. The Policy defines "professional services" to include services performed "pursuant to an agreement between [a] customer and the Company for a fee, commission or other monetary compensation." Central to this litigation, the Policy excludes from coverage claims "*based upon, arising out of or attributable to any dispute involving fees or charges for an Insured's services*"—the "fee-dispute exclusion."

Pursuant to the Policy, First Community requested a defense from St. Paul in two class action lawsuits brought against First Community by its customers. In both cases, the plaintiffs sued individually and on behalf of a class of similarly situated individuals who, among other things, were assessed overdraft fees by First Community. The introductory paragraph of both petitions describes the action as "arising from [First Community's] unfair and unconscionable assessment and collection of excessive overdraft fees." The petitions allege, among other things, that First Community: failed to disclose material information about its overdraft protection services, including that it would always reorder debit transactions from highest to lowest; manipulated transactions by amassing charges over multiple days and posting them to customers' accounts on a single day in order of descending transaction amount

2

so as to increase the amount of overdraft fees customers were charged; charged overdraft fees even when there were sufficient funds in customers' accounts; and provided account statements and electronic balances that were incorrect, deceptive, and misleading, thus "prevent[ing] customers from ascertaining the accurate balances in their accounts." Through these lawsuits, the plaintiffs sought disgorgement of fees, actual damages, restitution, and an order enjoining First Community "from continuing its overdraft policies and practices on the grounds that they are wrongful, unfair and unconscionable."

St. Paul denied First Community's defense request as to each suit, asserting that the claims were precluded by the Policy's fee-dispute exclusion. First Community thus filed this action seeking a declaratory judgment that St. Paul owed a duty to defend First Community in the underlying suits and asserting a claim for breach of the duty of good faith and fair dealing.[1] The parties filed cross–motions for summary judgment, and the district court entered a final judgment granting summary judgment for First Community on the duty to defend claim and for St. Paul on the duty of good faith and fair dealing claim. The district court entered final judgment, and both parties timely appealed.

## II. Standard of Review

We review the district court's grant of summary judgment de novo. *Nat'l Cas. Co. v. W. World Ins. Co.*, 669 F.3d 608, 612 (5th Cir. 2012). Likewise, the interpretation of an insurance contract is reviewed de novo. *Id.* "Because this is a diversity case involving a Texas contract, Texas rules of contract

---

[1] First Community also alleged a violation of the Texas Insurance Code's Prompt Payment of Claims provision, and the district court granted summary judgment on this claim in favor of St. Paul. First Community did not appeal the denial of this claim because the parties entered into a partial settlement on the claim post-judgment.

No. 13-50657

interpretation control." *Admiral Ins. Co. v. Ford*, 607 F.3d 420, 422 (5th Cir. 2010) (citation and internal quotation marks omitted).

### III.  Discussion

*A.  Duty to Defend*

"In determining whether an insurer's duty to defend is triggered, Texas courts strictly apply the 'eight-corners rule,' which looks only to the four corners of the most recent complaint in the underlying action as well as the four corners of the insurance policy." *City of College Station, Tex. v. Star Ins. Co.*, 735 F.3d 332, 336 (5th Cir. 2013) (quoting *Nat'l Cas.*, 669 F.3d at 612). "If the underlying complaint pleads facts sufficient to create the *potential* of covered liability, the insurer has a duty to defend the *entire* case, even if the allegations are demonstrably false, fraudulent, or groundless, and even if some of the injuries alleged are not covered or fall within the scope of an exclusion." *Id.*; *see also Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491, 495–96 (Tex. 2008).  Thus, "'[w]hile the duty to defend is triggered by a single alleged injury that falls within the scope of the coverage provision, exclusions negate the insure[r]'s duty to defend only when all of the alleged injuries that fall into the coverage provision are subsumed under the exclusionary provision.'" *City of College Station*, 735 F.3d at 337 (quoting *Nat'l Cas.*, 669 F.3d at 616).

St. Paul concedes that the two suits fall within the Policy's scope of coverage for professional services acts; it argues only that the entirety of the allegations also fall within the fee-dispute exclusion.  We disagree.  As did the district court, we hold that St. Paul owes a duty to defend since at least some of the factual allegations in the complaint do not fall within the fee-dispute exclusion.  We conclude that even if we accept St. Paul's broad construction of

4

the exclusion, at least some allegations potentially fall outside of the exclusion and within coverage.[2]

In considering the scope of the allegations, we must construe the petitions liberally, *see City of College Station*, 735 F.3d at 337, and "focus on the factual allegations rather than the legal theories asserted," *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). The petitions in this case include the following factual allegations—regarding First Community's providing misleading information on its account practices and customers' account balances—that do not have a causal connection to a disagreement that necessarily includes fees:

> First Community's "Debit Agreement fails to indicate that [it] will always reorder debits highest to lowest."

> First Community "misleads its customers regarding its reordering practices, as [it] does not state unequivocally that it will reorder debits from highest to lowest."

> First Community's "delayed posting [of transactions] prevents customers from ascertaining the accurate balances in their accounts."

> First Community "fails to provide customers with accurate balance information."

> First Community "provides inaccurate balance information to its customers through its electronic network. In certain cases, [First Community] informs its customers that they have a positive balance when, in reality, they have a negative balance, despite [First Community's] actual knowledge of outstanding debits and transactions."

While overdraft fees may have sometimes accompanied these alleged facts, this is not necessarily always the case. Instead, the primary harm

---

[2] First Community argues that a narrower, reasonable interpretation of the exclusion is that it encompasses only those claims that arise out of a disagreement regarding the *amount* of fees. Because we conclude that St. Paul owes a duty to defend even applying St. Paul's proposed definition, we need not decide whether First Community's proposed definition is reasonable.

stemming from these allegations is that customers could not ascertain their account balances and could not accurately plan spending, withdrawals, and deposits.

Nor do these factual allegations necessarily bear a causal relationship to fees: charging of fees was not the practice that caused the harm, even if First Community's actions were motivated by a desire to obtain more fees. *Cf. Cont'l Cas. Co v. Feingerts & Kelly, APLC*, 132 F. App'x 14, 17–18 (5th Cir. 2005) (unpublished) (in applying an exclusion for legal fees, concluding that certain damages were "not a consequence of legal fees charged by the Firm," and the "mere fact that [the insured's] actions were allegedly motivated by a desire for additional fees does not mean that [the] injury is a consequence of legal fees").[3] Instead, fees are an additional harm caused by the policies and practices of which the plaintiffs complain. Along these lines, the relief sought is not only the return of fees: the petitions also request actual damages and an "[o]rder enjoining [First Community] from continuing its overdraft policies and practices on the grounds that they are wrongful, unfair and unconscionable." *Cf. Ace Am. Ins. Co. v. Ascend One Corp.*, No. CCB-06-CV-3371, 2007 WL 1774495, at *4 (D. Md. June 15, 2007) (considering similar policy language and noting that the complaint was "not limited to a request that the allegedly fraudulently obtained fees be returned").

Construing the petitions liberally, we conclude that at least some of the allegations in the underlying petitions are not excluded by the fee-dispute exclusion. Accordingly, St. Paul owes First Community a duty to defend under the Policy.[4]

---

[3] Although *Continental Casualty Co.* is not "controlling precedent," it is "persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[4] St. Paul argues that the fee-dispute exclusion applies because: (1) the term "fee" is used at least 120 times in the underlying petitions; (2) fees are the overarching focus of the

*B. Duty of Good Faith and Fair Dealing*

First Community also presents a claim based on a violation of the duty of good faith and fair dealing. The district court denied this claim on the ground that "[a]n insurer has no common law duty of good faith and fair dealing arising out of a contractual duty to defend" and, even assuming such a duty exists, the summary judgment evidence demonstrated only a bona fide coverage dispute. First Community argues on appeal that it asserted this claim pursuant to Section 542.003(b)(4) of the Texas Insurance Code.

Even assuming arguendo that such a duty exists in this context, we agree with the district court that the claim nonetheless fails because the summary judgment evidence presents only a bona fide coverage dispute, not a bad faith denial of the requests for a defense.[5] *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 194 (Tex. 1998) ("[E]vidence of a coverage dispute is not evidence that liability under the policy had become reasonably clear."); *see also Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459–60 (5th Cir. 1997) (holding that a bona fide dispute over coverage negates a claim of bad faith) (citing *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex.

---

petitions; and (3) the classes are defined as including those who were assessed fees. None of these factors are determinative: the controlling question is whether, "focus[ing] on the factual allegations rather than the legal theories asserted," *Griffin*, 955 S.W.2d at 82, "all of the alleged injuries that fall into the coverage provision are subsumed under the exclusionary provision," *City of College Station*, 735 F.3d at 337 (quoting *Nat'l Cas.*, 669 F.3d at 616). Here, regardless of the primary focus of the cases or how the classes are defined, at least some of the factual allegations fall outside of the fee-dispute exclusion. *See Ascend One Corp.*, 2007 WL 1774495, at *4 (concluding that coverage was not determined by the fact that the overall theory of the underlying class action was focused on fees); *Hartford Cas. Ins. Co. v. Chase Title, Inc.*, 247 F. Supp. 2d 779, 782 (D. Md. 2003) (finding it indeterminate that "the 'primary thrust' of the class action complaint is something excluded from coverage—a dispute over fees"—since at least some of the allegations involved more than a dispute as to fees).

[5] Given our holding, we do not reach either the issue of whether a private cause of action can be maintained pursuant to § 542.003(b)(4) of the Texas Insurance Code, or the issue of whether a common law duty of good faith and fair dealing exists in the duty-to-defend context.

No. 13-50657

1993)).  Although we hold that St. Paul owes First Community a duty to defend under the Policy, we conclude that the question was a close one such that the duty to defend under the St. Paul policy never became reasonably clear.  The parties' arguments in this case highlight that a bona fide coverage dispute exists.  *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 869 (5th Cir. 2014).  Accordingly, the district court properly granted summary judgment in favor of St. Paul on this claim.

AFFIRMED.[6]

---

[6] First Community contended for the first time at oral argument that the fee-dispute exclusion applies only to fees for services actually rendered as distinguished from fees where no service was rendered.  Because this argument was not properly briefed, it is waived.  *See NLRB v. Seaport Printing & Ad Specialties, Inc.*, 589 F.3d 812, 816 n.7 (5th Cir. 2009).  Even were this issue not waived, we need not reach it because of our resolution of this appeal.