United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-11038
Summary Calendar
_____

ABC UTILITIES SERVICES INC; ABC ASPHALT INC; UTILITIES EQUIPMENT
LEASING COMPANY INC,

Plaintiffs-Appellants,

versus

ORIX FINANCIAL SERVICES INC, formerly known as Orix Credit
Alliance Inc,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1538-N
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

ABC Utilities brought an independent action under FED. R. CIV.
P. 60(b) to set aside the judgments issued by a bankruptcy court
and two district courts.  The district court, after setting aside
a default judgment against Orix, dismissed ABC's independent action
pursuant to FED. R. CIV. P. 12(b)(6), finding that the action was
outside the one-year limitations period for a Fed. R. Civ. P.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

60(b)(2) or (b)(3) motion, and given that ABC was "well aware of the essence of their claims while the very judgment they now try to set aside was being litigated," ABC could not satisfy the equitable requirements for a proper independent action. On appeal, ABC asserts that the court erred by setting aside the default judgment initially entered against Orix and by dismissing its independent action. We affirm.

Initially, ABC obtained a default judgment against Orix because Orix failed to file a timely answer. However, the district court set aside the default judgment, finding that Orix's failure to answer was the result of excusable, inadvertent miscalendaring. A court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect."[1] We review the court's decision to set aside the default judgment for an abuse of discretion.[2] Here, the district court found that Orix's failure to answer was the result of an excusable mistake, and ABC provides no authority showing the court's actions to be an abuse of discretion.

We review the district court's dismissal de novo, "accept[ing] all factual allegations made in the pleading as true and ask whether, under the circumstances asserted, the allegations state a claim sufficient to avoid dismissal."[3] Although the factual

---

[1] FED. R. CIV. P. 55(c), 60(b).

[2] *Dolphin Plumbing Co. of Florida, Inc. v. Financial Corp. of North America*, 508 F.2d 1326, 1327 (5th Cir. 1975).

[3] *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994).

allegations must be taken as true, the district court "need not resolve unclear questions of law in favor of the plaintiff," and "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate."[4]

Fed. R. Civ. P. 60(b) provides that within one year of a judgment "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."[5] The Rule explains, however, that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment."[6] An independent action is brought in equity to set aside judgments that would result in a manifest miscarriage of justice, and requires, among other things, "the absence of fault or negligence on the part of the defendant."[7]

In *United States v. Beggerly*,[8] the Supreme Court explained that independent actions must not be allowed to subvert the one-year statute of limitations for Rule 60 actions:

---

[4] *Id.*

[5] FED. R. CIV. P. 60(b)(2)-(3).

[6] FED. R. CIV. P. 60(b).

[7] 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2868 (2d ed. 1995).

[8] 524 U.S. 38, 46-47 (1998).

> If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1- year time limit on such motions would be set at naught. Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.[9]

Accordingly, if a plaintiff's allegations could form the basis for a Rule 60(b)(2) or (b)(3) motion, but the action is outside the one-year limitations period and does not rise to the level of a miscarriage of justice, an independent action must fail.

ABC is not within the one-year limitations period because it has known the basis of its fraud allegations at least since 1993. The complaint in this case itself notes that ABC has held the "new" documents necessary to investigate and allege Orix's fraudulent actions since 1998. Therefore, ABC must demonstrate that allowing the judgments at issue to stand would work a grave miscarriage of justice.[10]

Based on the face of the complaint and on previous judgments of which the district court took judicial notice, the district court properly dismissed ABC's complaint because it is clear that "no relief could be granted under any set of facts that could be

---

[9] *Id.* at 46 (internal quotations omitted).

[10] *See Beggerly*, 524 U.S. at 47.

proved consistent with the allegations."[11]  ABC and Orix have been in some form of litigation over the past fifteen years.  It has claimed that Orix fraudulently overcharged it in numerous courts, and it could have raised the allegations during the bankruptcy proceeding.  A previous panel noted ABC's intentional delay in raising Orix's alleged fraud in order to manipulate the litigation process.[12]  ABC could have brought timely Rule 60(b)(2) or (b)(3) motions within one year after these judgments, but for whatever reason, it did not do so.  Given that the allegations at most form the basis of a Rule 60(b)(2) or (b)(3) motion and that ABC's choice to reserve these allegations until a later day precludes a finding of a manifest miscarriage of justice, an independent action cannot be maintained.[13]

AFFIRMED.

---

[11] *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991) (quoting *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986)).

[12] *ABC Asphalt Inc. v. Credit Alliance Corp.*, No. 94-10118 (5th Cir. May 15, 1995) ("By lying behind the log until after it received an adverse judgment to play its alternative 'conflict card,' ABC failed to protect its own interests in a timely fashion. ABC cannot now seek a second bite at the apple under Rule 60(b)(6). No manifest injustice is present here.").

[13] *Beggerly*, 524 U.S. at 46-47; *Humanetics Inc. v. Kerwit Medical Products, Inc.*, 709 F.2d 942, 943-44 (5th Cir. 1983).