# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30827

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2016

Lyle W. Cayce
Clerk

THOMAS R. EDWARDS,

Plaintiff - Appellee

v.

CONTINENTAL CASUALTY COMPANY,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellee, Thomas R. Edwards, sued Defendant-Appellant, Continental Casualty Company ("Continental"), seeking a declaratory judgment that Continental was required to defend him, pursuant to a professional liability insurance policy, in an action brought against Edwards by Cal Dive International, Incorporated ("Cal Dive"). Edwards filed a motion for partial summary judgment seeking a declaration that Continental had a duty to defend him in the suit filed by Cal Dive and Continental filed a motion for summary judgment seeking dismissal of Edwards's claims. The district court granted Edwards's motion, holding that Continental had a duty to defend

No. 15-30827

Edwards in the action brought by Cal Dive. We reverse and render judgment rejecting Edwards's claims against Continental.

## I.     FACTS AND PROCEEDINGS

Edwards represented Andrew Schmidt, a commercial diver, in a personal injury suit, *Schmidt v. Cal Dive Int'l, Inc. (Cal Dive I),* against Schmidt's employer, Cal Dive, for a brain injury sustained during a work-related dive.[1] The parties entered into a multi-million dollar settlement agreement before trial under which Cal Dive and its insurer paid a lump sum to Schmidt and funded an additional payment through annuity contracts. As a part of the settlement, Cal Dive paid attorney's fees to Edwards through an annuity contract for his representation of Schmidt.

One year after the settlement, Cal Dive and its insurer filed suit against Schmidt and Edwards in *Cal Dive Int'l, Inc. v. Schmidt (Cal Dive II)*, alleging that Schmidt exaggerated or fabricated the extent of his injuries in *Cal Dive I*.[2] Claiming that it was fraudulently induced to settle, Cal Dive sought reimbursement of its lump sum payment to Schmidt and its cost of funding the annuity contracts to Schmidt and to Edwards. It asserted claims for unjust enrichment and restitution against Edwards. Cal Dive alleged that it incurred significant expenses defending itself in Cal Dive I, including, among other costs, attorney's fees, court costs, and other litigation expenses. Cal Dive claimed that it was entitled to restitution from Edwards of all funds that he unjustly received under the invalid settlement agreement. The district court

---

[1] No. 12-cv-00930 (W.D. La. filed Apr. 19, 2012).
[2] No. 14-cv-03033 (W.D. La. filed Oct. 15, 2014).

dismissed Cal Dive's complaint for failure to state a claim, and this court affirmed.[3]

Edwards's law firm maintained a professional liability policy with Continental Casualty Company that named Edwards as an insured. Edwards timely notified Continental of the claims brought against him in *Cal Dive II* and sought defense and coverage, but Continental declined to provide either.

Edwards filed a declaratory judgment action against Continental in district court, seeking a declaration that his firm's professional liability policy required Continental to defend him in *Cal Dive II*. Edwards filed a motion for partial summary judgment and Continental filed a motion for summary judgment. The district court granted partial summary judgment in favor of Edwards, holding that Continental had a duty to defend him and Continental appealed.[4]

The sole issue on appeal is whether the district court erred in holding that Continental had a duty to defend Edwards in *Cal Dive II*. Continental argues that: (1) Cal Dive did not assert covered claims against Edwards because the claims did not arise from an "act or omission" in the rendering of legal services by Edwards, and (2) the "damages" sought by Cal Dive were not covered under the policy.

## II.    ANALYSIS

### A.    Summary Judgment

"We review a grant of summary judgment *de novo* under the same standard applied by the district court."[5]  Summary judgment is appropriate

---

[3] *Cal Dive Int'l, Inc. v. Schmidt*, 639 F. App'x 214 (5th Cir. 2016) (per curiam) (unpublished).

[4] *Edwards v. Continental Cas. Co.*, No. 15-cv-00168, 2015 WL 5009015 (W.D. La. Aug. 19, 2015).

[5] *Boone v. Citigroup, Inc.*, 416 F.3d 382, 392–93 (5th Cir. 2005).

No. 15-30827

when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] We consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[7]

"Once a movant who does not have the burden of proof at trial makes a properly supported motion" for summary judgment, "the burden shifts to the nonmovant to show that [the motion] should not be granted."[8] To do so, the nonmovant must "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim."[9] Neither we nor the district court have a duty to "sift through the record in search of evidence to support" the nonmovant's opposition to summary judgment.[10]

## B.    Insurance Coverage

Continental contends that it had no duty to defend Edwards in the underlying action because Cal Dive's claims against Edwards are not the kind that are covered by the insurance policy. The policy provides that Continental "shall have the right and duty to defend in the **Insured's** name and on the **Insured's** behalf a **claim** covered by this Policy even if any of the allegations of the claim are groundless, false or fraudulent."[11] The operative policy language specifies that a "claim" is one "arising out of an act or omission, including **personal injury**, in the rendering of or failure to render **legal**

---

[6] FED. R. CIV. P. 56(a).

[7] *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014).

[8] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[9] *Id.*; *accord RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[10] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

[11] **Emphasis in original.**

**services**."[12] "Legal services" are defined as "services . . . performed by an **Insured** for others as a lawyer."[13]

The parties do not dispute that Louisiana law applies to this diversity action. Under Louisiana law, "[t]he duty to defend is determined by examining the allegations of the injured plaintiff's petition . . . and the insurer is obligated to tender a defense unless the petition unambiguously excludes coverage."[14] Continental's duty to defend is activated by a claim covered by the policy.

The claims filed against Edwards in this action are not the type of claims that are covered by his firm's insurance policy with Continental, so Edwards is not seeking defense against a "covered" claim. This is so because Cal Dive's claims against Edwards do not "arise out of an act or omission . . . in [Edwards's] rendering of or failure to render legal services." Even though Cal Dive's unjust enrichment and restitution claims against Edwards have some general and remote relation to his *representation of Schmidt*, Cal Dive does not allege a single professional act or omission by Edwards that gives rise to such claims. Instead, Cal Dive named Edwards in the underlying action only because Edwards received settlement funds from Cal Dive for his representation of *Schmidt*. Cal Dive did not allege that Edwards did or failed to do anything to warrant its claims. In fact, Cal Dive specifically alleged that it does "not believe that Edwards . . . [was] aware of Schmidt's fraud." Cal Dive's complaint, for which Edwards seeks defense from Continental, contains no allegations against Edwards, save for his receipt of settlement funds in the nature of attorney's fees as a result of his client's alleged fraud. Acts or omissions in the rendering of legal services by Edwards to his client, Schmidt,

---

[12] **Emphasis in original.**

[13] **Emphasis in original.**

[14] *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001) (citing *Yount v. Maisano*, 627 So. 2d 148, 153 (La. 1993)).

are simply not at issue. Thus, Continental's insurance policy does not provide coverage to Edwards in *Cal Dive II*.

Edwards nevertheless insists that the "arising out of" language of the policy should be applied broadly to provide coverage for Cal Dive's claims. It is true that (1) Louisiana courts read the words "arising out of" expansively, requiring nothing more than "but for" causation, and (2) ambiguous provisions in insurance policies are strictly construed against the insurer and in favor of FINA insurance policy does not provide coverage in this case because Cal Dive's claims did not "arise out of" an act or omission by Edwards in the rendering of legal services to Cal Dive. Applied to these facts, the discrete language in Edwards's policy is not ambiguous.

Edwards also contends that this reading of the insurance policy would result in professional liability policies only covering claims for malpractice and other attorney misdeeds. This argument fails to recognize that the insurance policy at issue does not provide coverage in this particular situation for this particular conduct. Alone, Edwards's representation of Schmidt cannot serve as an act or omission in Edwards's rendering of legal services. Such an interpretation would effectively read the words "act or omission" out of the policy's definition of a claim. In other situations with other insurance policies, a professional liability policy might cover the conduct at issue here. In this case, however, the language of the policy does not provide coverage to Edwards for Cal Dive's claims.

## III.    CONCLUSION

For the foregoing reasons, we REVERSE the district court's order granting Edwards's motion for summary judgment and RENDER judgment rejecting Edwards's claims against Continental.

No. 15-30827

EDITH BROWN CLEMENT, Circuit Judge, dissenting:

I would affirm the district court's holding that State Farm's duty to defend—which is much broader than its duty to provide coverage—was triggered by Cal Dive's complaint against Edwards. We have construed the words "arising out of" used in the policy as "broad, general, and comprehensive terms effecting broad coverage." *Red Ball Motor Freight, Inc. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 189 F.2d 374, 378 (5th Cir. 1951). They simply require that a claim flow from, be incident to, or have a connection with an act or omission in rendering legal services. *See id.*; *see also Perkins v. Rubicon, Inc.*, 563 So. 2d 258, 259 (La. 1990) (reading "arising out of" as only "requiring a connexity similar to" but-for causation). Edwards successfully represented Schmidt in a suit against Cal Dive through litigation and settlement. Cal Dive's claims for unjust enrichment and restitution against Edwards at least have an incidental relationship to his legal representation of Schmidt. Because we must "liberally interpret[]" the allegations of the complaint and hold that the insurer is obligated to tender a defense unless the allegations "unambiguously exclude coverage," I would affirm. *Yount v. Maisano*, 627 So. 2d 148, 153 (La. 1993).