# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2017

Lyle W. Cayce
Clerk

No. 16-11428

————

KELLEY MARTIN; PAMELA STARZINGER; DEBORAH FISHER; JEANNA JACKSON,

      Plaintiffs-Appellants,

v.

LOCAL 556, TRANSPORT WORKERS UNION OF AMERICA,

      Defendant-Appellee.

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-556

————

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

      Plaintiffs-Appellants Kelley Martin, Pamela Starzinger, Deborah Fisher, and Jeanna Jackson sued Defendant-Appellee Transport Workers Union of America, Local 556 (Local 556) raising various claims under the Labor-Management Reporting and Disclosure Act (LMRDA), the Railway Labor Act (RLA), and the First and Fifth Amendments. The Plaintiffs-

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11428

Appellants also claim that Local 556 breached its duty of fair representation. The district court granted summary judgment in favor of Local 556 and the Plaintiffs-Appellants appeal. We AFFIRM.

I.     FACTUAL AND PROCEDURAL BACKGROUND

A. Facts

Local 556 is a branch of the Transport Workers Union of America (TWU). As amended in 2011, Local 556's bylaws provide that "[e]ffective January 1, 2012, the initiation fee shall be $100." The only exemptions from the initiation fee requirement are found in the TWU International Constitution. Article XIII Sections 8 and 9(a) of the International Constitution exempt the following individuals from payment of the initiation fee: (1) members in good standing who transfer from one Local to another; and (2) members in good standing who "leave the industry or [are] furloughed for more than 90 consecutive days."

The Plaintiffs-Appellants are Southwest Airlines flight attendants. Kelley Martin and Pamela Starzinger have at all times relevant to this lawsuit been members in good standing of Local 556. Deborah Fisher and Jeanna Jackson were both members of Local 556 until late 2013, when they resigned their membership. Fisher and Jackson were two of roughly ninety members of Local 556 who withdrew from membership and became Agency Fee, Non-Member Objectors (AFNOs) at that time.[1]

In November 2013, after the AFNOs had withdrawn from membership, the Executive Board (the Board) of Local 556 held a meeting. The minutes from the meeting reflect that it began with a "discussion regarding the small number of Flight Attendants who had opted to become [AFNOs]." Thereafter, a motion was made "that if a Member chooses to become an [AFNO] and

---

[1] AFNOs are not permitted to attend union meetings or participate in union elections but are still represented by Local 556. AFNOs are not considered union members and pay a fee lower than monthly due payments.

2

No. 16-11428

requests to become a Member again, they will be charged the current Initiation Fee," and that "[a]ny current [AFNO] that requests to become a Member again will be charged the current Initiation Fee." The motion was approved by a vote of the Board. Several Board members testified that the purpose of the motion was for "clarity and understanding" of the already existing initiation fee provision of the bylaws. The motion approved by the Board did not alter the language of either Local 556's bylaws or the TWU International Constitution. Both Fisher and Jackson have since rejoined Local 556, and on returning to the membership, paid the $100 initiation fee under protest.

B. Procedural Background

The Plaintiffs-Appellants sued Local 556 based on the Board's motion.[2] They claim that the Board's motion effectively increased the initiation fee required by Local 556. Accordingly, the Plaintiffs-Appellants contend that Local 556: (1) violated the LMRDA by failing to hold a secret-ballot vote of the membership before increasing the fee; (2) increased the initiation fee as retaliation against the AFNOs in violation of the RLA and the First and Fifth Amendments; and (3) violated its duty of fair representation by imposing an increased fee.

On January 11, 2016, the Plaintiffs-Appellants filed a motion for partial summary judgment as to the LMRDA claim. That same day, Local 556 filed a cross-motion for summary judgment as to all of the Plaintiffs-Appellants' claims. On August 29, 2016, the district court denied the Plaintiffs-Appellants' motion, granted Local 556's motion, and dismissed the Plaintiffs-Appellants' claims with prejudice. The Plaintiffs-Appellants timely appealed.

---

[2] Martin and Starzinger filed an initial complaint on February 17, 2015. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Fisher and Jackson were joined in the suit, and an amended complaint was filed by all four Plaintiff-Appellants on June 1, 2015. All of the Plaintiffs-Appellants claim a violation of the LMRDA, but only Fisher and Jackson claim retaliation and a breach of the duty of fair representation.

No. 16-11428

II.    DISCUSSION

We review a grant of summary judgment de novo and apply the same standard as the district court. *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 362 (5th Cir. 2016). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Edwards*, 841 F.3d at 363.

A. LMRDA Claim

The Plaintiffs-Appellants first argue that the Board's motion violated the LMRDA because it increased the initiation fee without a secret-ballot vote of the union membership. They contend that the motion passed at the Board meeting did not merely interpret the existing bylaws, but actually increased the initiation fee applied to some members. Section 101(a)(3) of the LMRDA prohibits increasing "the rates of dues and initiation fees" and levying "general or special assessment[s]" payable by union members without a secret-ballot vote of a majority of members in good standing. 29 U.S.C. § 411(a)(3)(A).

As an initial matter, the Plaintiffs-Appellants fail to raise a question of material fact as to whether the motion adopted by the Board even changed the policy expressed in Local 556's bylaws. The bylaws clearly state that those who wish to become members of Local 556 must pay a $100 initiation fee. The only narrow exemptions from this requirement are found in the TWU International Constitution, and there is no express exemption for individuals like the Plaintiffs-Appellants who voluntarily resign their union membership in protest while remaining qualified to be members. The Plaintiffs-Appellants also admit that there has never been a situation in which an AFNO sought reinstatement with Local 556; therefore they have no evidence that individuals have been reinstated in the past without paying additional initiation fees.

4

No. 16-11428

Accordingly, there is no evidence in the record that the bylaws, as applied prior to the Board's motion, would have exempted an AFNO seeking reinstatement from paying a second initiation fee.

Plaintiffs-Appellants further argue that the Board's motion could not possibly have been a mere clarification of the bylaws. Plaintiffs-Appellants contend that no motion would have been necessary if the bylaws plainly required AFNOs seeking reinstatement to pay the initiation fee. But the language of the bylaws is broad and straightforward and it would make little sense for Local 556 to permit members to come and go as they pleased without any consequence. In combination with the fact that this type of situation had never before arisen, it is unreasonable to infer that the bylaws must have had a different scope before and after the motion.

Moreover, even if the motion did represent a change in policy, it is plain that that change did not increase the "rate of . . . initiation fees" within the meaning of § 101(a)(3). The Plaintiffs-Appellants assert that the motion "'enlarged' and 'augmented' the initiation fee obligation, increasing initiation fees incrementally and cumulatively." But a "rate" is "an amount, quantity, or value, *considered in isolation.*" *Rate*, OXFORD ENGLISH DICTIONARY (Online Version), http://www.oed.com/view/Entry/ 158412 (emphasis added). Before and after the motion was passed, the amount required to become a member of Local 556 was $100. That this might have increased the total amount that AFNOs paid in initiation fees *over time* is of no moment.

Because the Plaintiffs-Appellants have not raised a genuine dispute of material fact as to whether the Board's motion even changed Local 556's initiation fee policy, let alone increased the rate of initiation fees within the meaning of the LMRDA, we hold that the district court properly granted summary judgment in favor of Local 556 on the LMRDA claim.

5

No. 16-11428

B. Retaliation Claim

Jackson and Fisher also claim that they were exercising their rights under the First and Fifth Amendments and the RLA when they resigned membership to become AFNOs.  They contend that Local 556's requirement that they pay the $100 initiation fee to rejoin the union constituted retaliation for their exercise of constitutional and statutory rights.  To make a claim for constitutional or statutory retaliation, a plaintiff must show, among other things, that she suffered an "adverse action." *Roscello v. Sw. Airlines Co.*, 726 F.2d 217, 222 (5th Cir. 1984) (quoting *NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 401 (1983)).  As stated above, we find the Plaintiffs-Appellants have presented no evidence that the Board's motion changed Local 556's initiation fee policy.  Accordingly, no material factual dispute exists regarding whether Jackson and Fisher suffered an adverse employment action, and summary judgment on this claim was proper.

C. Fair Representation Claim

Finally, Jackson and Fisher claim that Local 556 breached its duty of fair representation by requiring AFNOs seeking reinstatement to pay the initiation fee.  A union breaches its statutory duty of fair representation "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  "[D]iscrimination against nonmember employees who are part of the bargaining unit is impermissibly arbitrary if no relevant distinctions exist between the union and nonunion employees." *Del Casal v. E. Airlines, Inc.*, 634 F.2d 295, 301 (5th Cir. Unit B Jan. 1981).

Here, Jackson and Fisher claim that the Board's motion "makes arbitrary and impermissible distinctions between former members who were [AFNOs] and non-objecting former members who did not exercise their rights to resign . . . and object to payment of nonbargaining expenditures."  In other

6

words, they claim that only those former members exercising their constitutional and statutory rights to object must pay the initiation fee to be reinstated.

But the Plaintiffs-Appellants point to no summary judgment evidence in support of this argument. First, the Plaintiffs-Appellants have not presented any evidence that the Board's motion changed the policy that already existed in Local 556's bylaws and TWU's International Constitution. Second, they have presented no evidence that Local 556 applied its established initiation fee policy arbitrarily or unequally. On its face, the Local 556 bylaws broadly require payment of a $100 initiation fee to become a member of the union—the bylaws themselves draw no distinctions between nonmembers who must pay this fee. The only exemptions from this requirement are those covered by the International Constitution, with regard to which Local 556 has no discretion. Thus, even if this Court were to conclude that exempting only certain former members from paying the initiation fee while not exempting others is a breach of the duty of fair representation, Local 556 is not the entity responsible for that breach. Summary judgment in favor of Local 556 was therefore appropriate.

III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Local 556 on all claims raised by the Plaintiffs-Appellants.