# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30182
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2019

Lyle W. Cayce
Clerk

ATLANTIC SPECIALTY INSURANCE COMPANY; EXCESS UNDERWRITERS SUBSCRIBING SEVERALLY TO POLICY NUMBER TMU - 407387,

> Plaintiffs - Counter Defendants - Appellees,

v.

PHILLIPS 66 COMPANY,

> Defendant - Third Party Plaintiff - Counter Claimant – Appellant,

v.

BLANCHARD CONTRACTORS, INCORPORATED,

> Third Party Defendant – Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-9318

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Phillips 66 and Blanchard Contractors entered into a Master Services Agreement, which governed maintenance work on a Phillips 66 natural gas pipeline. During the work, an explosion injured two workers. Those workers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sued Phillips 66. Believing that its Agreement with Blanchard indemnified them from the workers' claims, Phillips 66 sought a declaratory judgment stating that the Agreement's indemnification and insurance provisions were valid. And, as a consequence, Phillips 66 also argued that Blanchard's insurer, Atlantic, had a duty to defend them from the workers' claims.[1] The district court granted summary judgment in favor of Blanchard and Atlantic, holding that the Louisiana Anti-Indemnity Act ("LAIA") invalidated the indemnification and insurance provisions of the Agreement. Our review is de novo. *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).

Phillips 66 first argues that its agreement with Blanchard does not fall within the LAIA. That is not true. The LAIA voids indemnity and insurance provisions in "construction contracts." LA. REV. STAT. § 9:2780.1. The statute defines "construction contracts" capaciously to include "any agreement for the . . . maintenance of a . . . structure . . . gas line, appurtenance or other improvement to real property." LA. REV. STAT. § 9:2780.1(A)(2)(a). A natural gas pipeline is fairly encompassed in the "gas line" provision of the statute. But even assuming a "gas line" does not include "natural gas pipeline," Phillips fails to show why a natural gas pipeline would not otherwise be a "structure" or "improvement to real property." *Cf. Black's Law Dictionary* (defining structure to include "any construction, or any production or piece of work artificially built up"); *Guzzetta v. Tex. Pipe Line Co.*, 485 So.2d 508 (La. 1986) (analyzing who owned a pipeline based on Louisiana law applying to "improvements").

Second, Phillips 66 argues that its pipeline falls within an exception to the LAIA that applies to pipelines that transport "commingled" gas. But, as

---

[1] For simplicity, we refer to both Atlantic Specialty Insurance Company and Excess Underwriters Subscribing Severally To Policy Number TMU – 407387 as "Atlantic."

relevant here, the "commingled" exception only applies to "gas gathering lines." LA. REV. STAT. § 9:2780.1(A)(2)(b)(ii). A "gas gathering line" is a term of art that is not defined in the LAIA. But Louisiana courts have used the term in conjunction only with lines that run amongst wells or between production facilities and the first processing plant. *See Spanish Lake Restoration, LLC v. Petrodome St Gabriel II, LLC*, 186 So.3d 230, 232 (La. Ct. App. 2016) (noting the defendant "installed an aboveground pipeline in the form of a natural gas gathering line that runs from the Section 13 well pad"); *Warren Energy Resources, Inc. v. Louisiana Tax Comm'n*, 825 So.2d 572, 577 (La. Ct. App. 2002) (stating gas gathering lines delivered "production . . . to one gas plant"); *cf. Magnolia Petroleum Co. v. Sandlin*, 137 So. 595, 596 (La. Ct. App. 1931). Moreover, the Louisiana courts' usage comports with the definition adopted by the American Petroleum Institute (API) and the Federal Government. *See* 49 C.F.R. §192.8; API Recommended Practice 80, "Guidelines for the Definition of Onshore Gas Gathering Lines" (April 2000). Against this backdrop of consistent usage, Phillips 66 offers no alternative definition. *Cf.* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW § 54. And it is undisputed that the Phillips 66 pipeline does not travel from a either a well or production facility to an initial processing facility. Instead*,* the pipeline runs *between* processing facilities. Therefore, it is not a gathering line as that term is used in the statute.

Third, Phillips 66 argues that this interpretation of the LAIA runs afoul of another Louisiana statute—the Louisiana Oilfield Anti-Indemnity Act ("LOAIA"). LA. REV. STAT. § 9:2780. The LAIA specifically requires that courts consider the LOAIA and ensure that they do not "add to" or "subtract from" its provisions. LA. REV. STAT. § 9:2780.1(E). But LOAIA is inapplicable. That statute, by its own terms, applies only to "agreements pertaining to wells." LA. REV. STAT. § 9:2780; *see Johnson v. Amoco Prod. Co.*, 5 F.3d 949, 954 (5th Cir.

No. 19-30182

1993). A natural gas pipeline does not pertain to a well when the gas has been so commingled that it "can no longer be identified with a particular well." *Johnson*, 5 F.3d at 954. Here, Phillips 66's own evidence shows that its pipeline travels *from* a facility where gas is commingled— sourced "from multiple different offshore production and gathering facilities"—*to* another processing plant. Notably, Phillips 66 nowhere suggests that this commingled gas can "be identified with a particular well," as required by LOAIA. *Johnson*, 5 F.3d at 954. As a result, LOAIA has not been added to or subtracted from in our analysis. It just does not apply.

Fourth, Phillips 66 argues that Atlantic owed a duty to defend it from the workers' claims. In Louisiana, insurers only owe a duty to defend to their insured. *See Meloy v. Conoco*, 504 So.2d 833, 838 (La. 1987). Blanchard is insured by Atlantic. And Blanchard agreed to add Phillips 66 as an "additional insured." But, as discussed above, that agreement is void under the LAIA. Since there was no basis in law for Atlantic to cover Phillips 66 as an insured, Atlantic had no duty to defend them. *Cf. Edwards v. Continental Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016) (stating that the duty to defend does not apply when a "petition unambiguously excludes coverage").

Finally, Phillips 66 claims that the district court erred by engaging in "factfinding" or looking at "extraneous evidence." It did not. The court considered the record, evaluated the statutes, and consulted the relevant legal authorities. We have done the same and see no error.

AFFIRMED.